IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

CRIMINAL ACTION NO.
1:12-CR-232-CAP-LTW

ROGELIO BENITEZ,

Defendant.

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION AND ORDER CERTIFYING THIS CASE READY FOR TRIAL

This case is before the court on Defendant Rogelio Benitez' Motion to Suppress Evidence Derived from Illegally Intercepted Communications (Doc. 80), Defendant's Motion for Access to Materials Redacted from Wiretap Applications (Doc. 81), and the Government's Motion to Compel a Voice Exemplar (Doc. 113). For the reasons that follow, Defendant's Motion to Suppress should be **DENIED**. Docket Entry [80]. Defendant's Motion for Access to Materials Redacted from Wiretap Applications is **DEEMED MOOT**. Docket Entry [81]. Finally, the Government's Motion to Compel a Voice Exemplar is **GRANTED**. Docket Entry [113].

## DEFENDANT'S MOTION TO SUPPRESS EVIDENCE DERIVED FROM ILLEGALLY INTERCEPTED COMMUNICATIONS

On July 25, 2012, the Grand Jury indicted Defendant Rogelio Benitez ("Defendant") for one count of conspiring to distribute and possess with intent to

distribute at least five hundred grams of methamphetamine, in violation of 21 U.S.C. §§ 846, 841 (a)(1) and 841(b)(1)(A); and one count of conspiring to conduct illegal financial transactions, and conspiring to commit money laundering, in violation of 18 U.S.C § 1956(h). The Government avers that prior to Defendant's indictment, in approximately January 2011, federal law enforcement officers began investigating a drug trafficking organization operating in the Atlanta-metropolitan area and elsewhere. In connection with that investigation, the Government obtained court authorization to wiretap twenty-seven telephones. In the Government's first applications to obtain the wiretaps (the February 2011 - April 1, 2011 applications), Defendant was not named as a target of the investigation. On April 28, 2011, in a wiretap application, the Government named an unidentified male known as "Roy" as a target of the investigation. (Apr. 28, 2011 App., p. 2). Thereafter, on May 11, 2011, and in each of the subsequent applications, the Government named Rogelio Benitez as a target of the wiretap application. (May 11, 2011 App., p. 2). Defendant now seeks to suppress any evidence obtained pursuant to the twenty-seven wiretap applications.

In Defendant's Motion to Suppress Evidence Derived from Illegally Intercepted Communications, Defendant argues evidence derived from law enforcement agents' initial interceptions of his telephone conversations pursuant to the February 2011 through April 1, 2011 wiretap applications, should be suppressed because he was not named as a user of the targeted telephones, and he was not a target of the investigation in the supporting wiretap applications, or a known co-conspirator. Defendant further

2

contends that evidence obtained as a result of the April 28, 2011 wiretap should be suppressed because although his name was listed, the application did not explain specifically why agents should be authorized to intercept telephone calls involving him. Defendant argues that the May 11, 2011 wiretap applications, and subsequent wiretap applications, in which the Government did identify him by name, did not supply adequate probable cause supporting the interception of phone calls involving him. Specifically, Defendant contends that the affidavit submitted in support did not explain why Defendant's innocuous comments heard by agents during prior intercepted calls were perceived to relate to drug transactions. Additionally, Defendant alleges agents persuaded judges to issue the wiretap orders with evidence derived from earlier illegal wiretaps.

## II.     The February 2011 Through April 28, 2011 Wiretap Applications

Defendant argues evidence derived from law enforcement agents' initial interceptions of his telephone conversations in connection with the February 2011 through April 1, 2011 wiretap applications should be suppressed because Defendant was not named as a user of the targeted telephones, a target of the investigation, or a known co-conspirator.

As an initial matter, Defendant does not appear to have standing to challenge the February through April 1, 2011 wiretap applications. The Government contends that Defendant fails to show that he has standing to challenge the wiretaps because he cannot show that he is an aggrieved person as defined by the Wiretap Act. In support, the

Government argues that because Defendant has not shown that he was a party to any intercepted calls or that he is the person named in any wiretap applications, he does not have standing to challenge the interceptions. Conversely, Defendant contends that he has standing to challenge evidence obtained from the wiretaps because the wiretap efforts were directed at him. In support, Defendant asserts that when agents applied for the tenth wiretap, agents were already focusing on a person they knew then as "Roy" and that he was named as a subject in that application. In subsequent applications, agents identified Defendant by name, Rogelio Benitez, as the target of the interceptions, and the Government's evidence shows that agents were listening to Defendant's conversations.

"Title III, enacted by Congress as part of the Omnibus Crime Control and Safe Streets Act of 1968, establishes a rigorous regime that the Government must follow to intercept the contents of any wire or oral communications." United States v. Cook, No. 1:11-CR-218-TWT-CCH, 2011 WL 7767741, at *3 (N.D. Ga. Nov. 22, 2011); see also 18 U.S.C. §§ 2510-2521. Under Title III, only an "aggrieved person" may move to suppress wiretap evidence. 18 U.S.C. § 2518(10)(a). An "aggrieved person" is one "who was a party to any intercepted wire, oral, or electronic communication or a person against whom the interception was directed." 18 U.S.C. § 2510(11). This statutory definition has been "construed in accordance with existing standing rules" for Fourth Amendment claims. Alderman v. United States, 394 U.S. 165, 176 n.9 (1969). "'Generally, to establish standing the movant must show that (1) he was a party to the

4

communication, (2) the wiretap efforts were directed at him, or (3) the interception took place on his premises.'" United States v. Chavez-Maciel, No. 1:10-CR-00490-TCB, 2012 WL 6742323, at *17 (N.D. Ga. Dec. 7, 2012); United States v. Chaidez–Ontiveros, No. 1:11-CR-0264-AT-JFK, 2011 WL 7574634, at *5 (N.D. Ga. Oct. 25, 2011) (quoting United States v. Faulkner, 439 F.3d 1221, 1223 (10th Cir. 2006)). Defendant bears the burden of establishing standing. Chaidez-Ontiveros, 2011 WL 7574634, at *5; United States v. Degaule, 797 F. Supp. 2d 1332, 1352 n.14 (N.D. Ga. 2011); United States v. Ortega-Estrada, No. 1:07-CR-356-TWT, 2008 WL 4716949, at *2 (N.D. Ga. Oct.22, 2008) (same). "[A] defendant cannot rely on the Government's position, contention or theory to establish standing and must instead prove his expectation of privacy as to a particular search, including, that he is an 'aggrieved person' under the Act." Chaidez-Ontiveros, 2011 WL 7574634, at *6; see also Chavez-Maciel, 2012 WL 6742323, at *17; United States v. Bell, 218 F. App'x 885, 895 (11th Cir. 2007) (concluding that defendant, who testified at the suppression hearing that he was not the leaseholder of the apartment searched, "cannot adopt the government's evidence" that he did lease the apartment "for the limited purpose of establishing standing while challenging the validity of this same evidence.").

In this case, Defendant presents no argument or evidence tending to show with respect to the February 2011 through April 28, 2011 wiretap applications, that Defendant was a party to intercepted communications, wiretap efforts were directed at him, or the interception took place on Defendant's premises. Although Defendant relies

5

upon the Government's evidence of an intercepted call between a male solely identified as "Roy" and another man known as "Patino," Defendant does not identify himself as the "Roy" who participated in the telephone call. Thus, Defendant solely relies on the Government's evidence to establish standing, and as discussed above, he may not do so. Contrast Chaidez-Ontiveros, 2011 WL 7574634, at *6 (rejecting Defendant's argument that he had standing to challenge wiretap because although the Government targeted a telephone believed to be used by "Loco" and the Government believed Defendant to be "Loco," where Defendant solely relied on the Government's evidence to show standing and made no assertion that he was Loco, that his voice was intercepted on the target telephone, or that the wire intercept was directed at him); with United States v. Cook, No. 1:11-CR-218-TWT-CCH, 2011 WL 7767741, at *2 (N.D. Ga. Nov. 22, 2011) (holding that defendant who admitted that four of his conversations were intercepted established standing); Ortega-Estrada, 2008 WL 4716949, at *2 (finding that defendant who signed sworn affidavit indicating that he was the owner of the target telephone alleged enough to establish standing and disagreeing with Government's contention that only a person whose conversation was intercepted has standing to contest a wiretap). Accordingly, this Court cannot conclude that Defendant had standing to challenge the February 2011 through April 28, 2011 wiretap orders.

Even if Defendant could demonstrate that he had standing to challenge the initial February 2011 through April 28, 2011 wiretaps, Defendant's arguments also fail on the merits. The fact that Defendant was not named as a user of the targeted telephones or

a target of the investigation in the supporting wiretap applications, and was not a known co-conspirator, does not make listening to his conversations illegal. The Eleventh Circuit has already concluded that the Government does not have a duty to establish probable cause as to the interception of calls involving each possible interceptee named in an application for a wiretap order; the Government need only establish that there was probable cause that the telephone in question is being used in an illegal operation. United States v. Domme, 753 F.2d 950, 954 & n.2 (11th Cir. 1985); see also United States v. Nunez, 877 F.2d 1470, 1473 n.1 (10th Cir. 1989); United States v. Degaule, 797 F. Supp. 2d 1332, 1355 (N.D. Ga. 2011) ("However, [i]n issuing the wiretap orders regarding TT1 and TT7, the relevant probable cause inquiry is not whether [defendant Degaule] was engaged in criminal activity but whether *an individual* was engaged in criminal activity and whether the conversations sought to be monitored over the target telephones were likely to contain evidence of a crime."); United States v. Woodley, No., 2009 WL 3415214, at *1-2 (S.D. Ga. Oct. 22, 2009); cf. United States v. Kahn, 415 U.S. 143, 152-53 (1974) (holding that under 18 U.S.C. § 2518(1)(b)(iv) and 2518(4)(a), "when there is probable cause to believe that a particular telephone is being used to commit an offense, but no particular person is identifiable, a wire interception order may nevertheless, properly issue under the statute" and that "it necessarily follows that Congress could not have intended that the authority to intercept must be limited to those conversations between a party named in the order and others, since at least in some cases, the order might not name any specific party at all"). Thus, even assuming that the

7

wiretap applications did not provide probable cause for each unnamed potential interceptee, the applications were not defective. Domme, 753 F.2d at 954 & n.2 ("A wiretap application need not provide probable cause of criminal activity for each person named in an application, or even every resident of the place where the wiretap is sought."). All that was required is sufficient information so that a judge could find probable cause to believe that the telephone in question is being used in an illegal operation. Domme, 753 F.2d at 954 & n.2. Defendant, however, does not argue that there was no probable cause to believe that the telephones whose communications would be intercepted were being used in an illegal operation.

Defendant argues instead that United States v. Edwards, 303 F.3d 606 (5th Cir. 2002) compels the opposite conclusion. In that case, law enforcement officers obtained an order to intercept oral communications at the "premises known as the law office of Edwin W. Edwards." Id. at 619. Pursuant to the order, the law enforcement officers placed listening devices in the personal office of Stephen Edwards and intercepted two of his conversations. Id. at 619. Stephen Edwards, however, was not a named interceptee and the order did not authorize the government to place monitoring devices in the office of Stephen Edwards. Id. The Court determined that because Stephen Edwards was not a named interceptee, a named co-conspirator, or a known co-conspirator, the interception of his communications was illegal. Id. at 621. Moreover, in Edwards, the order authorizing interception of oral communications specified that the interception could only take place if one of the named interceptees was within the target

premises and was engaged in activity and conversation with any of the named or known co-conspirators or any other individual that was caused to go to the target premises by a named interceptee or named or known co-conspirator. Id. at 620-21. In contrast, here the February 2011 through April 28, 2011 wiretap orders did not include such restrictions. (See Feb. 4, 2011 Order, pp. 4-5; Feb. 4, 2011 Order, pp. 5-6; Mar. 7, 2011 Order, pp. 6-7; April 1, 2011 Order, p. 7; Apr. 28, 2011 Order, p. 6). Instead, the Orders allowed the interception and recording of conversations on the target telephones between named interceptees and others yet unknown. Thus, this Court cannot conclude that the fact that Defendant was not named as a user of the targeted telephones, or a target of the investigation in the supporting wiretap applications, and was not a known co-conspirator is a basis for suppression of evidence obtained as a result of the February 2011 through April 28, 2011 wiretaps.

## III.   The May 11, 2011 Through April 2, 2012 Wiretaps

Defendant also argues the Court should suppress evidence obtained pursuant to the May 11, 2011 through April 2, 2012 orders authorizing interception of calls. In support, Defendant contends that although each of these subsequent applications did name him as a target subject, evidence obtained pursuant to these applications should be suppressed because the supporting affidavits did not specifically provide probable cause that interception of calls over the target telephones in which Benitez was a party to the call would yield evidence of a crime. Specifically, Defendant asserts that the affidavits submitted in support of the applications did not explain why innocuous

9

comments heard by agents during prior intercepted calls, and attributed to Rogelio Benitez, were perceived to relate to drug transactions.

As discussed above, Defendant's argument fails because a wiretap application need not provide probable cause of criminal activity for each person named in an application; all that is required is sufficient information so that a judge could find probable cause to believe that the telephone in question is being used in an illegal operation. Domme, 753 F.2d at 954 & n.2. In fact, although not necessary to the analysis at issue, the Defendant was not listed as a user of any of the target telephones. (Apr. 28, 2011 App., pp. 2-3; Apr. 28, 2011 Order, p. 4; May 11, 2011 App., p. 3; May 11, 2011 Order, p. 5; June 9, 2011 App., p. 3; June 9, 2011 Order, p. 5; July 13, 2011 App., p. 3; July 13, 2011 Order, pp. 5-6; July 28, 2011 App., p. 3; July 28, 2011 Order, pp. 5-6; Aug. 22, 2011 App., pp. 3-4; Aug. 22, 2011 Order, pp. 4-5; Sept. 14, 2011 Order, p. 4; Sept. 26, 2011 App., p. 3; Sept. 26, 2011 Order, p. 4; Nov. 9, 2011 App., p. 3; Nov. 9, 2011 Order, p. 4; Feb. 13, 2012 App., p. 3; Feb. 13, 2012 Order, p. 4; Mar. 7, 2012 App., p. 3; Mar. 7, 2012 Order, p. 4; Apr. 2, 2012 App., p. 3; Apr. 2, 2012 Order, p. 4 ). Thus, the Government did not have any burden of showing that Defendant, himself, was involved in criminal activity. Accordingly, any omission by the Government to establish specific probable cause for the interception of calls involving Defendant within the affidavits supporting the April 2011 through April 2012 wiretaps does not provide a legal basis for suppression of evidence resulting from the wiretaps. Moreover, Defendant does not argue that the telephones targeted in the April 2011

through April 2012 Orders were not being used in an illegal operation. Therefore, Defendant's Motion to Suppress Evidence Derived from Illegally Intercepted Communications should be **DENIED**.[1]  Docket Entry [80].

### DEFENDANT'S MOTION FOR ACCESS TO MATERIALS REDACTED FROM WIRETAP APPLICATIONS

In Defendant's Motion for Access to Materials Redacted from Wiretap Applications, Defendant requests that the Government produce copies of various wiretap applications and associated documents which have not been redacted. Both parties have reported to the Court that the Government has since produced copies which have not been redacted. Accordingly, Defendant's Motion is **DEEMED MOOT**. Docket Entry [81].

### THE GOVERNMENT'S MOTION TO COMPEL A VOICE EXEMPLAR

In the Government's Motion to Compel a Voice Exemplar, the Government

---

[1] Additionally, Defendant's request for an evidentiary hearing should also be **DENIED** because Defendant has presented no legally viable argument providing justification for suppression of the wiretap evidence. See, e.g., United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985) ("A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented" before a hearing is required); United States v. Bloom, 538 F.2d 704, 710-11 (5th Cir. 1976) (holding that the trial court did not err in denying defendant an evidentiary hearing to determine whether the Government's evidence was tainted by illegal wiretap activity after defendant did not present any viable legal argument in support); United States v. Booker, No. 1:11-CR-255-TWT, 2013 WL 2468694, at *11 n.31 (N.D. Ga. June 7, 2013) (concluding that defendant was not entitled to an evidentiary hearing to supplant his challenges to the agents' probable cause supporting the wiretap applications because the issues Defendant raised could be decided by merely reviewing the affidavits supporting the wiretaps and did not require further factual development).

11

requests that Defendant provide a voice exemplar so that the Government can ascertain whether intercepted wire communications include communications by Defendant. Docket Entry [113]. The Government explains that it needs a voice exemplar because the speakers in the intercepted communications did not identify themselves by their true and full names and often use nicknames or aliases. Defendant contends that he should not be required to provide a voice exemplar because the Government's agents have already performed a voice comparison and already have at least one witness who will identify Defendant's voice on various intercepted phone calls.

As the parties recognize, the compelled production of voice exemplars used to measure the physical properties of the witnesses' voices, and not for the testimonial or communicative content of what is to be said, does not give rise to a violation of the Fifth Amendment's privilege against self incrimination. United States v. Dionisio, 410 U.S. 1, 6-7 (1973); Jones v. Dugger, 839 F.2d 1441, 1443-44 (11th Cir. 1988). Furthermore, a directive to a Defendant to make a voice recording does not offend the Fourth Amendment because there is no reasonable expectation of privacy in the physical characteristics of a person's voice, which is repeatedly exposed to the public. Dionisio, 410 U.S. at 14. Thus, the Government is not required to make a preliminary showing of reasonableness. Dionisio, 410 U.S. at 15-16. Additionally, under the All Writs Act, 28 U.S.C. § 1651(a), which authorizes federal courts to issue all writs necessary or appropriate in aide of their respective jurisdictions, a court has power to require a defendant to produce a voice exemplar, even after an indictment. 28 U.S.C. § 1651;

United States v. Li, 55 F.3d 325, 329 (7th Cir. 1995); United States v. Jackman, No. 96–40069–02–SAC, 1997 WL 161948, at *2 (D. Kan. Mar. 28, 1997); United States v. McVeigh, 896 F. Supp. 1549, 1558 (W.D. Okla. 1995); United States v. Vanegas, 112 F.R.D. 235, 237 (D.N.J. 1986) ("Courts have consistently compelled production of physical evidence such as handwriting exemplars post-indictment and pretrial upon the government's request without reference to any precise procedural mechanism for their production."). Because the Government is only seeking the exemplar in order to compare the physical properties of Defendant's voice to the voices on intercepted communications, the Government's Motion is **GRANTED**. Docket Entry [113].

## CONCLUSION

Based on the foregoing, Defendant's Motion to Suppress should be **DENIED**. Docket Entries [80]. Defendant's Motion for Access to Materials Redacted from Wiretap Applications is **DEEMED MOOT**. Docket Entry [81]. Finally, the Government's Motion to Compel a Voice Exemplar is **GRANTED**. Docket Entry [113].

As there are no further motions pending, the undersigned certifies this case ready for trial. The Clerk is directed to terminate the reference to the undersigned.

**SO ORDERED, REPORTED AND RECOMMENDED** this 16 day of May, 2014.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE